IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ROY DON ROBERTSON, <br><br> Plaintiff, <br> vs. <br><br> GENE STREIGHT et al., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER** <br><br> Case No. 2:10-CV-637-TC <br><br> District Judge Tena Campbell |

Plaintiff/inmate Roy Don Robertson filed a civil rights complaint against Defendant Gene Streight and others.[1] Robertson applies to proceed *in forma pauperis*. As discussed below, the court concludes that Robertson must pay the filing fee before this case can proceed.

The *in forma pauperis* statute allows an indigent prisoner to file a complaint in federal court without prepaying the filing fee. 28 U.S.C.S. § 1915(a) (2010). But it restricts those who have repeatedly filed complaints that are frivolous or fail to state a valid claim. In relevant part, the statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.S. § 1915(g). "These fee provisions are intended 'to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Cosby v. Meadors*, 351 F.3d 1324, 1327 (10th Cir. 2003)

---

[1] The court construes these pro se filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

(quoting *In re Smith*, 114 F.3d 1247, 1249 (D.C. Cir. 1997)).

This court has, in the past, dismissed one of Robertson's cases because he had "filed several previous civil rights actions with the federal courts, several of which have been dismissed as frivolous or failing to state a claim." *Robertson v. Johansen*, No. 2:04-CV-465 TS (D. Utah July 16, 2004).

Section 1915(g) applies here because (1) Robertson was a prisoner when he filed this complaint; (2) he has filed three or more prior cases in federal court that have been dismissed as frivolous or failing to state a claim; and (3) his allegations do not fall within the exception to § 1915(g). The language of section 1915(g) is mandatory. Thus, a federal prisoner who falls within the three-strikes provision is required to prepay the entire filing fee before his claims may proceed.

## ORDER

Robertson is not eligible to proceed without prepaying the filing fee in this case because he has filed three or more cases in federal court which have been dismissed as frivolous or failing to state a claim. Therefore, Robertson is **DENIED** leave to proceed without prepayment of fees. He is **ORDERED** to pay the entire $350 statutory filing fee within thirty days from the date of this order. Failure to do so will result in the dismissal of the complaint.

DATED this 27th day of July, 2010.

BY THE COURT:

*Tena Campbell*

_____
TENA CAMPBELL
Chief Judge